UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DARRELL JOHNSON,

                      Petitioner,

           -against-

HAROLD GRAHAM, Superintendent,
Auburn Correctional Facility[1],

                   Respondent.
-------------------------------------------------------X

                 **REPORT AND
RECOMMENDATION**

07 Civ. 4596 (KMK)(GAY)

TO THE HONORABLE KENNETH M. KARAS, United States District Judge

      Petitioner Darrell Johnson, proceeding *pro se*, has filed a writ of habeas corpus
pursuant to 28 U.S.C. § 2254.  For the reasons set forth below, I respectfully
recommend that the Court deny the petition in its entirety.

## I.  BACKGROUND

      Johnson's incarceration stems from three separate incidents.  First, between May
10, 2000 and May 13, 2000, he held his girlfriend Barbara Tino against her will in an
apartment in Ossining, New York.  During this time period he brought several men to
have sex with her in exchange for drugs, beating, raping and threatening to kill her if
she did not do as he told.  In the second incident, Johnson stabbed Charles Streeter,
a/k/a Charles Moses, during a drug deal on November 29, 2000.  Finally, between
November 29, 2000 and December 11, 2000, Johnson restrained the movements of a

---

[1] Johnson has been relocated to a different correctional facility since the filing of
his petition.  The Court has therefore substituted the correct respondent.

different girlfriend, Rachel Denoyelles, through threats and violence, forcing her to submit to sex with two other men and raping her himself repeatedly.

On October 25, 2001, a Westchester County jury convicted Johnson on five counts each of rape in the first degree and sodomy in the first degree, two counts of kidnapping in the second degree, three counts of criminal possession of a weapon in the third degree, four counts of assault in the second degree, one count of attempted assault in the first degree and two counts of burglary in the third degree.  (Adler, J, presiding).  On December 17, 2001, the trial court sentenced him as a persistent violent felony offender to prison terms of 25 years to life for each of his violent felonies, and as a discretionary persistent felony offender to prison terms of 25 years to life for each of the non-violent felonies, all to be served concurrently.

Johnson, by and through counsel, timely appealed the judgment of conviction to the Appellate Division, Second Department, on the following grounds: (1) there was insufficient evidence at trial for a jury to convict; (2) a variance existed between the theory of the indictment and the proof at trial; (3) the court did not instruct the jury that annotations on the verdict sheet were solely to distinguish between the counts, thus depriving Johnson of a fair trial; (4) the prosecution shifted the burden of proof in its summation; and (5) Johnson was punished with an excessive sentence for asserting his Sixth Amendment right to trial.  See Brief for Defendant-Appellant, Exh. 8, at 14-37[2]. Johnson was also given leave to file a *pro se* Supplemental Brief, which asserted that the jury charge regarding reasonable doubt misstated the applicable standard and so

---

[2] Hereinafter, all citations to "Exh.__," unless otherwise noted, refer to exhibits attached to Respondent's Memorandum of Law.

violated his Due Process rights.  See Exh. 10.  The Second Department, by a Decision and Order dated September 12, 2005, unanimously affirmed the judgment of conviction. See People v. Johnson, 801 N.Y.S.2d 755 (N.Y. App. Div. 2005).  The New York Court of Appeals denied Petitioner leave to appeal on December 30, 2005.  See People v. Johnson, 810 N.Y.S.2d 422 (N.Y. 2005).

On or about May 3, 2006, Johnson filed a *pro se* motion to vacate the judgment pursuant to section 440.10 of the New York Criminal Procedure Law ("CPL"), on the grounds that: (1) trial counsel was ineffective because counsel (a) "failed to properly challenge denial of Johnson's statutory right to a preliminary hearing upon felony complaint"; (b) failed to assert Johnson's right to testify before the grand jury; and (c) failed to "sufficiently challenge the admission of false evidence prior to grand jury submission"; (2) the submission of the charges of Criminal Possession of a Weapon in the Third Degree and Kidnapping in the Second Degree to the grand jury were improper because (a) Johnson was not "arrested or charged in the felony complaint" with these particular charges, and (b) there was insufficient evidence to bring these charges, and finally, (3) the prosecution admitted testimony  from Barbara Tino that it knew to be false.  See Exh. 13.  By Decision and Order dated June 22, 2006 (Westchester County Court, J. Zambelli), Johnson's motion was denied in its entirety.  See Exh. 15.  On September 15, 2006, the Second Department denied his request for leave to appeal the denial of his 440.10 motion.  See Exh. 16.

On or about April 24, 2007, Johnson filed the instant Petition for a Writ of Habeas Corpus, wherein he argues for habeas relief on all of the grounds raised on his direct appeal and in the CPL § 440.10 motion.  In addition, he now argues that the state court

had no subject matter jurisdiction to indict or try him on the charges involving Tino and Moses because he was neither arrested nor arraigned on those charges and because there was insufficient evidence to indict or convict on those charges.

## II. DISCUSSION

### A. Procedural Default

A federal court is precluded from reviewing a state prisoner's federal constitutional claim if the state court's prior denial of the claim rested on an independent and adequate state ground.  Lee v. Kemna, 534 U.S. 362, 375 (2002).  A procedural default generally qualifies as an adequate and independent state ground.  Harris v. Reed, 489 U.S. 255, 262 (1989).  A petitioner may, however, overcome the procedural bar by showing "cause for the default and actual prejudice as a result of the alleged violation of federal law, or . . . that failure to consider the claims will result in a fundamental miscarriage of justice."  Coleman v. Thompson, 501 U.S. 722, 750 (1991); Lee, 534 U.S. at 375.  Where a state court has expressly relied on a procedural default, federal habeas review is foreclosed even if the state court also addressed the merits of the federal claim.  See Green v. Travis, 414 F.3d 288, 294 (2d Cir. 2005).

A procedural bar is "adequate" if it is "based on a rule that is firmly established and regularly followed by the state in question."  Monroe v. Kuhlman, 433 F.3d 236, 241 (2d Cir. 2006) (internal quotation and citation omitted).  Further, the adequacy of a state procedural bar must be examined in the context of "the specific circumstances presented in the case, an inquiry that includes an evaluation of the asserted state interest in applying the procedural rule in such circumstances."  Cotto v. Herbert, 331

4

F.3d 217, 240 (2d Cir. 2003).  To this end, the Second Circuit has set forth the following

"guideposts" for consideration.

> (1) whether the alleged procedural violation was actually relied on
> in the trial court, and whether perfect compliance with the state rule
> would have changed the trial court's decision; (2) whether state
> caselaw indicated that compliance with the rule was demanded in
> the specific circumstances presented; and (3) whether petitioner
> had "substantially complied" with the rule given "the realities of
> trial," and, therefore, whether demanding perfect compliance with
> the rule would serve a legitimate governmental interest.

Id. (quoting Lee, 534 U.S. at 381-85).  In addition, when the last court to issue a

reasoned decision relies on a state procedural bar, the court will presume that

subsequent decisions rejecting the claim without discussion relied on the bar and did

not silently consider the merits.  Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

Here, the Appellate Division was the last state court to issue a reasoned decision

concerning Johnson's direct appeal.  In that decision, the Appellate Division held that

the contention that the evidence was legally insufficient to convict was unpreserved for

appellate review.  See Exh. 12.  Similarly, the Westchester County Court held that

Johnson's Section 440.10 claims of prosecutorial misconduct regarding false testimony

and the improper submission of Criminal Possession and Kidnapping charges to the

Grand Jury were unreviewable because they could have been raised in the direct

appeal but were not.  Accordingly, these claims are all barred from further review if the

state rules on which the Appellate Division and the Westchester County Court relied are

"firmly established and regularly followed."  Cotto, 331 F.3d 239-240.

    1.  *Insufficient Evidence Claim*

New York's contemporaneous objection rule, CPL § 470.05(2), is a "firmly established and regularly followed" rule.  See Garvey v. Duncan, 485 F.3d 709, 715 (2d Cir. 2007) ("New York courts consistently interpret [CPL §] 470.05(2) to require that the defendant specify the grounds of alleged error in sufficient detail so that the trial court may have a fair opportunity to rectify any error"); Garcia v. Lewis, 188 F.3d 71, 79 (2d Cir. 1999) (Federal courts "have observed and deferred to New York's consistent application of its contemporaneous objection rules.")  Thus, New York's contemporaneous objection rule is an adequate state ground to bar further review of a claim in a federal habeus petition.

Johnson's assertion that there was insufficient evidence by which a jury could have convicted him was not made at trial.  Defense counsel did move for a trial order of dismissal at the close of evidence, asserting that "no reasonable view of the evidence [permitted] the matter to be presented to the jury."  (1560).[3]  However, New York's appellate courts uniformly instruct that to preserve a particular issue for appeal, defendant must specifically focus on the alleged error.  People v. Gray, 652 N.E.2d 919, 86 N.Y.2d 10, 19 (N.Y. 1995); see also People v. Parsons, 816 N.Y.S.2d 271 (N.Y. App. Div. 2006) ("Defendant failed to preserve for our review his further contention that the evidence is legally insufficient . . . inasmuch as his motion to dismiss was not specifically directed at that alleged insufficiency.")   A general objection is not sufficient to preserve an issue since it would not alert the court to defendant's position.  Gray, 86 N.Y.2d at 20.  Johnson is therefore procedurally barred from raising it now, unless he is

---

[3] Numbers in parentheses refer to pages from the trial transcript.

6

able to demonstrate either cause for his default and actual prejudice, or that the failure to consider his claims will result in a fundamental miscarriage of justice.  Coleman, 501 U.S. at 750.

To establish cause for the default, a petitioner must adduce "some objective factor external to the defense" which explains why he did not raise the claim previously. Murray v. Carrier, 477 U.S. 478, 488 (1986); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).  Among the circumstances giving rise to cause are: (1) situations in which the factual or legal basis for a claim was not reasonably known by counsel, (2) interference by government officials which makes compliance impracticable, and (3) ineffective assistance of counsel.  Murray, 477 U.S. at 488; Bossett v. Walker, 41 F.3d 825, 829 (2d Cir. 1994).

Johnson's only allegation which might establish cause for the failure to preserve his claim is that his counsel was ineffective.  However, this claim – specifically that his trial counsel failed to assert Johnson's right to a felony hearing, to testify before the grand jury, and to challenge Barbara Tino's testimony before the grand jury – does not relate to the procedurally barred claim of insufficient evidence.  Johnson therefore fails to show cause for his procedural default.

As he does not show cause, I need not address whether he can show prejudice. Levine v. Commissioner of Corr. Servs., 44 F.3d 121, 127 (2d Cir.1995);  Stepney v. Lopes, 760 F.2d 40, 45 (2d Cir.1985) ("Since a petitioner who has procedurally defaulted in state court must show both cause and prejudice in order to obtain federal habeas review, we need not, in light of our conclusion that there was no showing of cause, reach the question of whether or not [petitioner] showed prejudice.").

7

Nor does Johnson demonstrate that a fundamental miscarriage of justice will result if his claim is not considered.  To establish a 'miscarriage of justice,' a petitioner must demonstrate that he is "actually innocent."  <u>Aparicio v. Artuz</u>, 269 F.3d 78, 90 (2d Cir.2001)).  "'[A]ctual innocence' means factual innocence, not mere legal insufficiency."  <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998).

As there is no evidence of Johnson's actual innocence, and no cause for the procedural default, Johnson's claim of insufficient evidence should be dismissed.

2.  *Reasonable Doubt Jury Charge*

Johnson, in his *pro se* brief to the Appellate Division on direct appeal, argued that the court's charge to the jury regarding the reasonable doubt standard in a criminal trial deprived him of a fair trial.  This claim was not raised at trial and for the reasons stated *supra* regarding New York's contemporaneous objection rule, should be dismissed.[4]

3.  *Erroneous Jury Charge Regarding Verdict Sheet*

At the close of Johnson's trial, an annotated verdict sheet was submitted to the jury.  New York statute provides that should such an annotated verdict sheet be given to the jury, the "court shall instruct the jury in its charge that the sole purpose of the notations is to distinguish between the counts."  CPL § 310.20(2).  No such instruction was given at Johnson's trial, although the judge did make some comments to the effect that the annotated verdict sheet was provided to help clarify the counts for the jurors.

---

[4] Defense counsel likely did not raise any objection at trial in recognition of the fact that the charge was taken verbatim from Pattern Criminal Jury Instructions adopted by the New York State Unified Court System.  <u>See</u> CJI2d[NY] Reasonable Doubt Charge.

The deficiency was raised on his direct appeal and deemed "waived, unpreserved, and/or without merit" by the Appellate Division.  Johnson now erroneously argues that the statute as it stood during his trial did not require the instruction and so he could not have timely objected to its absence.  In fact, CPL § 310.20(2) did contain the instruction requirement in 2001.  See NY Crim Pro. Law, § 310.20 (2) (McKinney 1999) (amended 2002).  As his claim is unpreserved under the contemporaneous objection rule and no cause for the default is alleged, it should be dismissed.

4. *Prosecutorial Misconduct Before the Grand Jury*

Two of Johnson's CPL § 440.10 motion claims were held by the Westchester County Court to have been procedurally barred under CPL § 440.10(2)(c), because they could have been raised on the direct appeal, but were not.  CPL § 440.10(2)(c) states, in relevant part:

> [The] court must deny a motion to vacate a judgment when . . . [a]lthough sufficient facts appear on the record of the proceedings underlying the judgment to have permitted, upon appeal from such judgment, adequate review of the ground or issue raised upon the motion, no such appellate review or determination occurred owing to the defendant's unjustifiable failure . . . to raise such ground or issue upon an appeal actually perfected by him.

The barred claims were: (1) that charges not in the felony complaint should not have been presented to the grand jury, and (2) that the prosecution admitted false testimony from Barbara Tino.

The Second Circuit has held  that C.P.L. § 440.10(2)(c) is an "adequate and independent" state procedural ground barring federal habeas review.  See, e.g., Sweet v. Bennett, 353 F.3d 135, 140-41 (2d Cir. 2003);  Davis v. Mantello, 42 Fed. App'x 488, 490 (2d Cir. 2002).  Accordingly, there is an adequate and independent finding by the

9

trial court that Johnson procedurally defaulted on these grounds for habeas relief.  He has made no attempt to show cause or prejudice for his failure to timely raise these claims, and there is no indication that this Court's failure to address the merits of petitioner's contentions would result in a fundamental miscarriage of justice.   I conclude, therefore, and respectfully recommend, that Johnson's procedural default bars federal review of his prosecutorial misconduct claims.

**B.  Standard of Review**

"[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.  In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 68 (1991). See 28 U.S.C. § 2254(a). Subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which amended 28 U.S.C. § 2254, a federal court may not grant habeas relief for any claim adjudicated on the merits in state court unless the petitioner establishes that the state court decision "was *contrary to*, or involved an *unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  A state court's decision is "contrary to" clearly established federal law if (1) "the state court arrives at a conclusion opposite to that reached by [the Supreme Court of the United States] on a question of law" or (2) "the state court confronts facts that are materially indistinguishable from a relevant Supreme Court precedent and arrives at a result opposite to [that reached by the Supreme Court of the United States]."  Williams v. Taylor, 529 U.S. 362, 405 (2000).

10

As to the "unreasonable application" prong of 28 U.S.C. § 2254(d)(1), "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable."  Id. at 411.  A state court decision involves an "unreasonable application" of federal Supreme Court precedent if (1) "the state court identifies the correct legal rule from [Supreme Court] cases but unreasonably applies it to the facts of the particular state prisoner's case" or (2) "the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply."  Id. at 407.

Section 2254(d)(2) also authorizes the federal courts to grant a habeas writ when a claim considered on the merits in state court "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

1. *Ineffective Assistance of Trial Counsel Claim*

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court outlined the two-part standard applicable in ineffective assistance of counsel claims.  To prevail on such a claim, petitioner must first demonstrate that his attorney's performance "fell below an objective standard of reasonableness." Id. at  688.  Second, he must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Id. at 694; see also, Bell v. Cone, 535 U.S. 685 (2002).

11

Under the first prong of the test, the Court "must make 'every effort . . . to eliminate the distorting effects of hindsight,' and 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound . . . strategy.'" Bell v. Miller, 500 F.3d 149, 156 (2d Cir. 2007) (quoting Strickland, 466 U.S. at 689).  The Supreme Court has also made clear that "there is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

Moreover, the state court enjoys "substantial deference" in its decision on ineffective assistance of counsel claims.  Rosario v. Ercole, 601 F.3d 118,123 (2d Cir. 2010).  The question "is not whether a federal court believes the state court's determination" under the Strickland standard "was incorrect but whether that determination was unreasonable – a substantially higher threshold." Knowles v. Mirzayance, 129 S.Ct 1411, 1420 (2009).

Johnson asserts, in the remaining contention raised in his CPL § 440.10 motion, that his trial counsel was ineffective because he (a) failed to request a felony hearing; (b) failed to file written notice of petitioner's intention to testify before the grand jury; and (c) failed to move for dismissal or to challenge the legal sufficiency of the indictment after Johnson informed counsel of allegedly false testimony presented to the grand jury. The trial court denied Johnson's ineffective assistance of trial counsel claim on the merits, finding that the claims regarding the felony hearing and Johnson's desire to testify before the grand jury were "contradicted by the record, and there is no

12

reasonable possibility that his allegations are true." Exh. 15, at 2. The failure to

challenge allegedly false testimony before the grand jury was not addressed directly,

but the trial court noted that "the mere fact that counsel does not engage in some

pretrial procedures . . . does not establish ineffective assistance of counsel." Exh. 15 at

3. The Second Department thereafter summarily denied Johnson's leave to appeal

from the denial of his motion to vacate. Exh. 16.

Johnson's ineffective assistance claims based on counsel's pretrial performance

do not meet the standard in the first prong from Strickland. First, New York courts have

consistently held that counsel's failure to ensure that a defendant testifies before the

grand jury does not amount to ineffective assistance of counsel. See, e.g., Kohler v.

Kelly, 890 F. Supp. 207, 213 (W.D.N.Y.1994) (citing New York cases), aff'd, 58 F.3d 58

(2d Cir. 1995).[5] Similarly, defense counsel's decision to waive a pretrial hearing does

not demonstrate performance below an objective standard of reasonableness. See,

People v. Phillips, 450 N.Y.S.2d 925, 926 (N.Y.App. Div. 1982). Further, defense

counsel's failure to make a motion to dismiss an indictment does not amount to

---

[5] Federal habeas claims of ineffective assistance of counsel based on the failure to effectuate the state statutory right to testify before a grand jury are rejected for three reasons. First, because New York courts have consistently held that the decision not to have a defendant testify does not amount to ineffective assistance of counsel. Davis v. Mantello, No. 01-2264, 2002 WL 1032687 at *2 (2d Cir., May 22, 2002). Second, because defects in grand jury proceedings are cured by conviction by a jury. (Bingham v. Duncan, No. 01-1371, 2003 WL 21360084 at *4 (S.D.N.Y. June 12, 2003) ("Given that any defect in the grand jury proceeding was cured by petitioner's subsequent conviction, . . . it necessarily follows as a matter of law that petitioner cannot establish that any errors made by his trial counsel with respect to the grand jury proceeding prejudiced him, thereby foreclosing the possibility of a Sixth Amendment violation.") Third, because there is no federal constitutional right to testify before the grand jury and counsel's decision to avoid testimony does not render his performance deficient. Acosta v. Couture, No. 99-9727, 2003 WL 272052 at *8 (S.D.N.Y. Jan 23, 2003).

ineffective representation.  People v. Brown, 585 N.Y.S.2d 106, 107 (N.Y. App. Div.

1992).[6]  Finally, these claims also fail under the second prong of Strickland, as any

grand jury error is rendered harmless by conviction beyond a reasonable doubt by a

jury.  Cates v. Senkowski, No. 02-5957, 2003 WL 1563777 at *3 (S.D.N.Y. Mar. 17,

2003).

    Accordingly, I conclude, and respectfully recommend, that Johnson's claim for

habeas relief on the ground of ineffective assistance of trial counsel be dismissed.

    2.  *Prosecutorial Misconduct on Summation*

    Johnson contends that he was denied a fair trial due to prosecutorial misconduct

during summation.  On direct appeal, the Appellate Division held that Johnson's

contention was "either waived, unpreserved for appellate review and/or without merit.

People v. Johnson, 801 N.Y.S.2d 755 (N.Y. App. Div. 2005).  The construction of this

holding is too ambiguous to constitute a procedural bar to habeas review and is a merit-

based holding to which AEDPA deference is owed.  Fama v. Comm'r of Corr. Serv., 235

F.3d 804, 810 (2d Cir. 2000).  As discussed above, Johnson must therefore show that

the state court decision was contrary to, or involved an unreasonable application of,

clearly established federal law.

    In order to obtain habeas relief on the ground of prosecutorial misconduct, a

petitioner must demonstrate that he suffered actual prejudice in that the prosecutor's

conduct "had a substantial and injurious effect or influence in determining the jury's

_____

    [6] Johnson's counsel did make an omnibus pretrial motion.  Exh. 6.  The strategic
decision by counsel to make some motions but not others does not amount to
ineffective assistance.  See, Strickland, 466 U.S. at 689.

verdict." <u>Bentley v. Scully</u>, 41 F.3d 818, 824 (2d Cir. 1994).  A petitioner must show that

the alleged misconduct "so infected the trial with unfairness as to make the resulting

conviction a denial of due process."  <u>Donnelly v. DeChristoforo</u>, 416 U.S. 637, 643

(1974); <u>Gonzalez v. Sullivan</u>, 934 F.2d 419, 424 (2d Cir. 1991).  In deciding whether the

egregiousness of the prosecutor's comments justifies habeas relief, the court must

examine "the cumulative effect of the totality of the challenged statements, when viewed

in context."  <u>Floyd v. Meachum</u>, 907 F.2d 347, 355 (2d Cir. 1990).  In the Second

Circuit, this inquiry includes consideration of three factors: "(1) the severity of the

prosecutor's conduct; (2) what steps, if any, the trial court may have taken to remedy

any prejudice; and (3) whether the conviction was certain absent the prejudicial

conduct."  <u>Bentley</u>, 41 F.3d at 824.

Johnson alleges that the burden of proof was improperly shifted to the defense

when the prosecutor argued that by not asking certain questions of the victims, the

defense conceded certain issues.  This shifting of the burden of proof, claims Johnson,

violated his due process right to a fair trial.  He specifically complains about two

passages in the prosecutor's summation:

> You can see a lot in what is not asked, and I submit that
> there is a glaring place for you to have your attention drawn to the
> fact that [Rachel DeNoyles] is not challenged on the areas of
> sexual assault.  She is challenged on whether or not he is guilty of
> kidnapping.  But she is not challenged on her account of having
> been subjected to sodomy and rape.  Unchallenged.  No questions
> on cross-examination means no challenge to her testimony.  No
> challenge to her testimony by the Defense means the version she
> gave on direct is the version.  That is unchallenged and
> unattacked.
>
> Likewise, when you evaluate the testimony of Barbara Tino,
> you will see that she is not asked questions about what is taking
> place  during those three days in May . . . Is the Defendant guilty

15

of what he did to Barbara Tino during those three days in May?
But she was not asked about that.  He asked questions about all of
the rotten whacky things she did after that.  After that.  That means
her versions of the sexual assaults stand unchallenged and
uncriticized  before you.

(1627-28)

Upon the close of the trial, the defense objected to the prosecutor's summation, arguing that it "unfairly shift[ed] the burden to the Defense and that's not correct," and asked the court for a curative instruction to the jury on the matter.  (1642).  The court proposed and delivered an additional charge to the jury, which defense counsel accepted as sufficient.  (1645).  The court instructed the jury that "[t]he mere failure or decision not to ask a question about a particular offense does not shift the burden [of proof].  The burden remains on the prosecution to prove each and every element of a crime beyond a reasonable doubt."  (1654).  In sum, defense counsel sought only a curative instruction, and one which he had approved was delivered.  He did not seek any further instruction nor move for a mistrial.

"[T]he Court must presume that the jury is capable of understanding and following limiting instructions provided during the course of and at the conclusion of the trial with regard to the manner in which it may use evidence."  United States v. DeYian, No. 94 Cr. 719, 1995 WL 368445, at *11 (S.D.N.Y. June 21, 1995).  See also Weeks v. Angelone, 528 U.S. 225, 234 (2000) (a jury is presumed to follow a court's instructions). Under the deferential AEDPA review standard, viewing the prosecutor's comments in the totality of the circumstances, the Appellate Division's decision was neither contrary to, nor an unreasonable application of, federal law.  Accordingly, I conclude, and

16

respectfully recommend, that Johnson's claim for habeas relief on the ground of prosecutorial misconduct is without merit and must be dismissed.

    3.  *Excessive Sentence*

Johnson argues, as he did on his direct appeal, that the large disparity between the term offered in a plea agreement and that actually imposed is evidence of a vindictive trial judge, and a violation of his Fourteenth Amendment Due Process right, his Sixth Amendment right to a trial by a jury, and his Eighth Amendment right to be free from cruel and unusual punishment.  The Appellate Division found the claim to be "waived, unpreserved and/or without merit."  Exh. 12, p. 2.

Had Johnson pled guilty before trial, a sentence of three and one half years would have been imposed.  Instead, he was sentenced after conviction to concurrent twenty-five year terms.  When Johnson rejected the plea offer and its lower sentence, he was aware of the risk he was taking by proceeding to trial.  Exh. 13, exh. N, p. 10. More importantly, the offer of a lower sentence in a plea agreement alone does not lead to the conclusion that the trial judge imposed a sentence vindictively.  Nariano v. Filion, No. 02-5449, 2003 WL 1900867, at *10 (S.D.N.Y. Apr. 16, 2003) (citing cases); Taplin v. Rabideau, No. 9:04-CV-935, 2008 WL 2559374, at *17 (N.D.N.Y. June 23, 2008) ("The fact that the court, following conviction, imposed the maximum sentence does not, in itself, demonstrate actual vindictiveness.") (citing Corbitt v. New Jersey, 439 U.S. 212, 219 (1978).

As the Supreme Court has noted, a defendant during plea bargaining will often be "confronted with the 'certainty or probability' that, if he determines to exercise his right to plead innocent and to demand a jury trial, he will receive a higher sentence than

17

would have followed a waiver of those rights." Chaffin v. Stynchcombe, 412 U.S. 17, 30-31 (1973) (internal citation omitted).  Johnson offers no other proof for his conclusory allegation that the sentence imposed was a punishment, and I therefore find that this claim is without merit.

Finally, Johnson's challenge to the sentence under the Eight Amendment and the Due Process Clause also fail.  Considerable deference must be given to legislatively mandated terms of imprisonment, and successful challenges to sentences are therefore "exceedingly rare." Hutto v. Davis, 454 U.S. 370, 374 (1982).  Further, the Second Circuit has held that where the sentence imposed falls within the range prescribed by state law, no constitutional issue is presented upon which habeas corpus relief can be granted.  White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); accord Pinero v. Grenier, 519 F.Supp.2d 360, 371, 389 (S.D.N.Y. 2004); Diaz v. Herbert, 317 F.Supp.2d 462, 479-480 (S.D.N.Y. 2004).  Johnson was indeed sentenced to the maximum allowable term for each of his convictions.  See N.Y. Penal L. §§ 70.06, 70.08.  His sentences, however,  fall within the limits authorized by New York statute.

Accordingly, I conclude that Johnson's claim for habeas relief on the ground that his sentence was excessive does not rise to the level of a constitutional violation, and respectfully recommend it be dismissed.

4. *Variance between Theory of the Indictment and the Proof at Trial*

Johnson's final contention for habeas review involves the court's mid-trial decision to allow testimony from a battered women's syndrome expert.  Johnson avers that the inclusion of such expert testimony changed the thrust of the prosecution's

18

argument from forcible compulsion to mental coercion, causing a variance between what he had been indicted for and the proof presented at his trial.

As a preliminary matter, Johnson's claim of a variance as a due process violation is cognizable in a federal habeas corpus petition.   "No principle of procedural due process is more clearly established than . . . notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge."  Udzinski v. Kelly, 734 F.Supp. 76, 83 (E.D.N.Y.,1990) (citing Cole v. State of Ark, 333 U.S. 196, 201 (1938).  "The accused shall be definitely informed as to the charges against him, so that he may be enabled to present his defense and not be taken by surprise by the evidence offered at the trial."  Berger v. United States, 295 U.S. 78, 82 (1935).  A variance arises "when the evidence adduced at trial establishes facts different from those alleged in an indictment."  Dunn v. U. S.,  442 U.S. 100, 105 (1979).

Here, however, there is no such variance.  Johnson was charged, indicted and convicted of the *forcible* rape, sodomy and kidnapping of two women.  Proof was presented at trial that Johnson used threats and violence to force his victims to have sex with him and to deter them from leaving him.  In sum, the prosecutor relied upon theories and evidence that were "fairly embraced in the charges made in the indictment."  United States v. Garguilo, 554 F.2d 59, 63 (2d Cir.1977) (citations omitted).

Defense counsel had, in the cross-examination of Barbara Tino, put her credibility at issue by showing that in the year after her attack, she had sent him cards and candy and visited him in jail.  The defense sought to demonstrate that Tino's post-attack behavior was "inconsistent with the behavior of a true rape victim."  Exh. 8, p. 25.  The prosecution responded with an expert who could explain why a "true rape victim"

19

might behave as Tino had.  Thus, the expert testimony was offered to explain Tino's

behavior in the time after the attack, and had nothing to do with the commission of the

crimes against her.

It was within the trial courts discretion to allow the expert testimony, and applying

AEDPA, I do not find that the state court's decision in this regard was either contrary to,

or an unreasonable application of, federal law.  Thus, I respectfully recommend that this

claim be dismissed.

5. *Additional Habeas Petition and Coram Nobis Claims*

To the extent that Johnson raised new claims in his CPL §§ 450 and 460.10

motions and further new claims in his federal habeas petition, these claims are

unexhausted and not reviewable.  See Jones v. Keane, 329 F.3d 290, 294-295 (2d Cir.

2003).


**III.  CONCLUSION**

For the foregoing reasons, I respectfully recommend that the instant petition for a

writ of habeas corpus be denied in its entirety.[7]


**IV.  NOTICE**

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 8(b)(3) of the Rules governing

---

[7] Attached to this Report and Recommendation are copies of all unpublished
opinions and decisions available only in electronic form cited herein.  See Lebron v.
Sanders, 557 F.3d 76, 78 (2d Cir. 2009).

§ 2254 proceedings, the parties shall have fourteen (14) days from receipt of this Report to serve and file written objections to this Report and Recommendation.  If copies of this Report are served upon the parties by mail, the parties shall have seventeen (17) days from receipt of this Report to file and serve written objections.  See Rule 11 of the Rules governing § 2254 proceedings; Fed. R. Civ. P. 6(d).  Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Kenneth M. Karas at the United States District Court, Southern District of New York, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at said courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.  See Caidor v. Onondaga County, 517 F.3d 601, 604 (2d Cir. 2008).


Requests for extensions of time to file objections must be made to the Honorable Kenneth M. Karas and not to the undersigned.


Dated: December 16, 2010
       White Plains, New York

Respectfully Submitted,

_____
GEORGE A. YANTHIS, U.S.M.J.

21