UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
DARRELL JOHNSON,                                           :
          Petitioner,                                :
                                                     :      **MEMORANDUM DECISION**
v.                                                         :
                                                     :      07 CV 4596 (VB)
                                                     :
HAROLD H. GRAHAM, Superintendant,                          :
Auburn Correctional Facility,                              :
          Respondent.                                :
-----------------------------------------------------------x

Briccetti, J.:

      Pending before the Court is Magistrate Judge George A. Yanthis's Report and Recommendation ("Report"), dated December 16, 2010 (Doc. #20) on Darrell Johnson's petition for a writ of habeas corpus. Judge Yanthis recommended that the Court deny the petition. For the following reasons, the Court adopts the Report as the opinion of the Court. The petition is denied and dismissed.

      A district court reviewing a magistrate judge's recommended ruling "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the recommended ruling, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C). When a party submits a timely objection to a report and recommendation, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b)(1)(C). The district court may adopt those portions of the recommended ruling to which no timely objections have been made, provided no clear error is apparent from the face of the record. See Wilds v. UPS, Inc., 262 F. Supp. 2d 163, 169

1

(S.D.N.Y. 2003). The clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

The objections of parties appearing pro se are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." Milano v. Astrue, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008).[1] "Nonetheless, even a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a second bite at the apple by simply relitigating a prior argument." Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008).

The Court presumes familiarity with the factual and procedural background of this case.

Petitioner objects to the Report on three grounds: (1) the charges against petitioner concerning Barbara Tino should not have been presented to the grand jury because those charges were not in the felony complaint, (2) there was insufficient evidence to support the charges regarding Tino, and (3) petitioner's trial counsel was ineffective for not challenging the submission of these charges to the grand jury. These objections merely reiterate petitioner's earlier arguments, and are otherwise general or conclusory. Thus, the Court reviews the Report for clear error. Pinkney v. Progressive Home Health Servs., 2008 WL 2811816, at *1.

The Court has reviewed Judge Yanthis's thorough and well-reasoned Report and finds no clear error. The Court adopts the Report in its entirety for the reasons stated therein.

---

[1] Plaintiff will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

## CONCLUSION

Judge Yanthis's Report and Recommendation is hereby adopted in its entirety. The Clerk is respectfully requested to enter judgment accordingly and close this case. As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253(c)(2); Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith.

Dated: November 18, 2011
White Plains, New York

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge